## Frost Manufacturing Co. v. Samuel H. Smith.

1. MASTER AND SERVANT—*Duty of the Master to Furnish His Servant a Reasonably Safe Place to Work is a Positive Obligation.*—The duty of the master to use reasonable care in furnishing his servant a reasonably safe place in which to do his work, is a positive obligation resting upon the master, and he is liable for the negligent performance of such duty, whether he undertakes its performance personally or through another servant.

2. SAME—*The Master is Not Exonerated by the Neglect of a Fellow-servant.*—Care in supplying safe instrumentalities in the doing of the work undertaken by his servant is a duty which the master owes to the servant, and when the performance is delegated to a fellow-servant the responsibility of the master still remains, and the negligence of such fellow-servant is in law the negligence of the master.

3. SAME—*Liability of the Master for the Negligence of His Servant.*—Where the servants of a common master are not associated in the discharge of their duties, or where their employment does not require co-operation, and does not bring them together, or into such relations that they can exercise an influence upon each other promotive of proper caution, the reason of the rule holding the master responsible for damages resulting from the negligence of his servants seems reasonably to apply with as great force as if a stranger were the party injured.

4. INSTRUCTIONS—*Where a Party Can Not Complain.*—A party litigant can not be heard to complain of instructions similar to those given at his own request.

**Trespass on the Case,** for personal injuries. Error to the Circuit Court of Knox County; the Hon. GEORGE W. THOMPSON, Judge, presiding. Heard in this court at the October term, 1901. Affirmed. Opinion filed November 15, 1901.

WILLIAMS, LAWRENCE & WELSH and J. A. McKENZIE, attorneys for plaintiff in error.

SHUMWAY & RICE, FLETCHER CARNEY and JAMES W. CARNEY, attorneys for defendant in error.

MR. JUSTICE BROWN delivered the opinion of the court.

This was an action on the case by Samuel H. Smith against the Frost Manufacturing Company to recover damages for an injury received by the plaintiff while in the employ of the defendant.

Frost Manufacturing Co. v. Smith.

The company was constructing new buildings for its business in the city of Galesburg and erected a scaffold upon which several of its servants were to work and certain material was to be placed. Smith was at work under or nearly under the scaffold.

On June 19, 1900, while five or six men and certain materials were on the scaffold, one of its timbers broke and the scaffold fell and struck Smith, inflicting serious injuries.

The first count of the declaration charges negligence in the construction, and the second count negligence in the use of the scaffold by overloading.

There was a plea of not guilty and a verdict and judgment in favor of the plaintiff for one thousand dollars.

Certain timbers upon which the body of the scaffold rested were 2 x 6. It was one of these that broke and let the scaffold fall. The record shows that the superintendent of construction was urged to use larger timbers for these supports but refused to do so.

The plaintiff was engaged in framing timbers to be used in the construction of the building. After certain work had been done on the scaffold it was taken down and moved a short distance, rebuilt and used again.

On the morning in question the scaffold was moved up to where the plaintiff was at work. He proposed to the superintendent to move the place of work away from the scaffold. The latter told him to continue his work at the place he was then occupying. He did so. Thirty minutes later the scaffold fell and plaintiff received the injuries, as compensation for which he recovered the judgment in this case.

It is the duty of the master to use reasonable care to furnish his servant a reasonably safe place in which to perform his work. This is a positive obligation resting upon the master and he is liable for the negligent performance of such duty, whether he undertakes its performance personally or through another servant. Kewanee Boiler Co. v. Erickson, 78 Ill. App. 35.

Care in supplying safe instrumentalities in the doing of

the work undertaken by the servant is a duty the master owes to the servant, and when the performance of that duty is devolved upon a fellow-servant, the master's responsibility in respect to that still remains. In such case the negligence of the fellow-servant is the master's neglect of duty. C. B. & Q. R. R. Co. v. Avery, 109 Ill. 314.

Whether the company performed this duty and whether it overloaded the scaffold, thereby rendering it unsafe, were questions for the jury to determine under proper instructions as to the law. There was a conflict in the evidence upon all of the material issues of fact, and we perceive no reason to disturb the conclusions reached by the jury.

It is urged by the company that the judgment must be reversed because of the action of the trial court in passing upon the instructions. The first objection is that instructions given at the instance of the plaintiff overstate the duty the company owed to Smith as its employe. We agree with counsel, but the same propositions were contained in instructions the company asked the court to give to the jury and which the court gave the jury. The defendant below, the plaintiff in error here, can not be heard to complain of instructions similar to those given at its own request.

Objection is also made to plaintiff's instructions because they authorized the jury to find the defendant guilty, notwithstanding the injury to the plaintiff might have been caused by the negligence of a fellow-servant of the plaintiff.

We are of the opinion that there is no evidence in the record upon which to predicate the theory that those who either negligently constructed or negligently used the scaffold were fellow-servants of the plaintiff.

The plaintiff had absolutely nothing to do with the selection of the materials for the scaffold, its mode of construction or its use. His work was entirely independent of, and different in character from that of the employes who used the scaffold. There was nothing in the nature of the work to cause any co-operation of the plaintiff with those who either constructed or used the scaffold.

E., J. & E. Ry. Co. v. Bates Machine Co.

Where servants of a common master are not associated in the discharge of their duties—where their employment does not require co-operation, and does not bring them together, or into such relations that they can exercise an influence upon each other promotive of proper caution—in such case, the reason of the rule holding the master responsible for damages resulting from the negligence of one of his servants seems reasonably to apply with as great force as if a stranger were the party injured. C. & N. W. R. R. Co. v. Moranda, 93 Ill. 315.

There was no error committed by the trial court in giving, refusing or modifying instructions. The judgment of the Circuit Court will be affirmed.